IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| CASSIE NICOLE LEDBETTER,<br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, COMMISSION OF<br>SOCIAL SECURITY ADMINISTRATION,<br>    Defendant. | Civil Action No. 2:19-cv-00079<br>Judge Richardson / Frensley |

## REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff was not disabled and denying Plaintiff Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under the Social Security Act ("the Act"), as amended. The case is currently pending on Plaintiff's Motion for Judgment on the Record. Docket No. 19. Plaintiff has filed an accompanying Memorandum. Docket No. 20. Defendant has filed a Response, arguing that the decision of the Commissioner was supported by substantial evidence and should be affirmed. Docket No. 21.

For the reasons stated below, the undersigned recommends that Plaintiff's Motion for Judgment on the Pleadings be **GRANTED**, and that the decision of the Commissioner be **REMANDED**.

### I. INTRODUCTION

Plaintiff filed her application for SSI on July 19, 2016, and protectively filed her application for DIB on May 18, 2016, alleging that she had been disabled since November 1, 2015, due to back, hip, arthritis, anxiety, hep c [*sic*], gall baldder [*sic*], possible scoliosis, slipped discs, and degenerative disc disease. Docket No. 20; Docket No. 17 ("TR"), p. 11, 232, 274. Plaintiff's

applications were denied both initially (TR 124, 125) and upon reconsideration (TR 160, 161). Plaintiff subsequently requested (TR 173) and received (TR 72-107) a hearing. Plaintiff's hearing was conducted on May 15, 2018, by Administrative Law Judge ("ALJ") Donna Lefebvre. TR 72. Plaintiff and vocational expert ("VE"), U.K. Horseman, appeared and testified. *Id*.

On September 19, 2018, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. TR 8. Specifically, the ALJ made the following findings of fact:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.

2. The claimant has not engaged in substantial gainful activity since November 1, 2015, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.9761 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine; substance addiction disorder; depression; and anxiety disorder (20 CFR §§404.1520(c) and 416.921(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR § 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) except [she] can lift up to twenty pounds occasionally and ten pounds frequently. She can stand and walk for up to six hours and sit for up to six hours in an eight-hour day with normal breaks. The claimant can occasionally climb ramps or stairs, and never climb ladders, or scaffolds. She can occasionally balance, stoop, knee [*sic*], crouch, or crawl. The claimant can perform simple, and low-level detailed, specific vocational preparation (SVP) 3-4 level, routine tasks in jobs with infrequent routine changes in work duties. She can sustain occasional interaction with the public.

6. The claimant is unable to perform any past relevant work (20 CFR § 404.1565 and 416.965).

7. The claimant was born on July 25, 1990 and was 25 years old, which is

defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR §§ 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1559, 404.1569a, 416.969, and 414.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2015 through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

TR 13-16, 20-21.

On November 23, 2018, Plaintiff timely filed a request for review of the hearing decision. TR 223. On August 22, 2019, the Appeals Council issued a letter declining to review the case (TR 1-5), thereby rendering the decision of the ALJ the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. §405(g). If the Commissioner's findings are supported by substantial evidence, based upon the record as a whole, then these findings are conclusive. *Id.*

## II. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

### III. CONCLUSIONS OF LAW

#### A. Standards of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991). The purpose of this review is to determine: (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." *Her v. Comm'r of Soc. Sec.*, 203 F. 3d 388, 389 (6th Cir. 1999), *citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.,* 105 F. 3d 244, 245 (6th Cir. 1996), *citing Consol. Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229 (1938). The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the ALJ must stand if substantial evidence supports the conclusion reached. *Her*, 203 F.3d at 389, *citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. *Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985), *citing Allen v. Califano,* 613 F. 2d 139, 145 (6th Cir. 1980). In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnoses and opinions of medical experts; (3) subjective evidence of

Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. *Miracle v. Celebrezze*, 351 F.2d 361, 374 (6th Cir. 1965).

B. **Proceedings at the Administrative Level**

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process summarized as follows:

(1) If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.

(2) If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.

(3) If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments or its equivalent.[1] If a listing is met or equaled, benefits are owing without further inquiry.

(4) If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations). By showing a

---

[1] The listing of Impairments is found at 20 CFR §404, Subpt. P, App. 1.

> medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a prima facie case of disability.
>
> (5) The burden then shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

*See, e.g.,* 20 CFR §§ 404.1520, 416.920. *See also Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. *Moon*, 923 F.2d at 1181; 20 CFR § 404, Subpt. P, App. 2, Rule 200.00(e)(1), (2). *See also Damron v. Sec'y of Health & Human Servs.*, 778 F.2d 279, 281-82 (6th Cir. 1985). Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination. *Id.* In such cases where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's prima facie case by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert testimony. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

In determining residual functional capacity for purposes of the analysis required at stages four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments: mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. § 423(d)(2)(B).

### C. Plaintiff's Statement of Errors

Plaintiff contends that (1) the Appeals Council erred in finding that Plaintiff's new and

material evidence (a CT scan of her lumbar spine) "does not relate to the period at issue" and therefore would not change the outcome of the ALJ's decision; (2) the ALJ erred by failing to properly evaluate the only examining physician opinion evidence; (3) the ALJ erred by failing to find that Plaintiff has a severe hand impairment; and (4) the ALJ erred in assigning Plaintiff an RFC of light, with additional limitations, because it is not supported by substantial evidence. Docket No. 20. Accordingly, Plaintiff maintains that, pursuant to 42 U.S.C. § 405(g), the Commissioner's decision should be reversed, or in the alternative, remanded. *Id.*

Sentence four of § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994).

1. **New and Material Evidence**

Plaintiff argues that the Appeals Council erred in finding that a CT scan taken of her lumbar spine on October 19, 2018 does not relate to the period at issue, and therefore is not new and material evidence that would change the outcome of the ALJ's decision. Docket No. 20, p. 7-10.

Plaintiff contends that the Appeals Council erred in rejecting Plaintiff's evidence based solely on the date of the evidence rather than properly considering whether it related to the period on or before the date of the hearing decision as required by the Regulations. Docket No. 20, p. 8-9. She argues that the nature of degenerative disc disease (progressive over time, not spontaneous) makes it highly likely that the CT finding of disease in October 2018 relates to the period at issue (which requires Plaintiff to have been disabled beginning on or before September 19, 2018). *Id.* Further, Plaintiff maintains that because the ALJ relied heavily on the lack of objective medical evidence when assessing both Plaintiff's credibility and the favorable medical opinion evidence provided by Dr. Leveck, the only source to actually examine Plaintiff, there is a reasonable probability that the ALJ would assess Plaintiff's credibility and the medical evidence differently and reach a different result in this case if presented with the objective medical evidence of the CT scan showing disease. *Id* at 9.

As for the "good cause" element, Plaintiff explains that the CT scan was not obtained and submitted while her case was pending before the ALJ because she lacks insurance and financial resources to seek such imaging studies; however, a CT scan of her spine was taken as part of emergency care when she was involved in a car accident a few weeks after the hearing. *Id* at 9-10. Plaintiff argues that remand pursuant to Sentence Six of 42 U.S.C. § 405(g) is warranted to consider the new evidence submitted to the Appeals Council. *Id.* at 10.

Defendant responds that the CT scan only confirms what the ALJ already accepted to be true (that Plaintiff has degenerative disc disease of the lumbar spine); therefore, the evidence is cumulative and there is not a reasonable probability that the ALJ would have found Plaintiff to be disabled even if the ALJ had considered the CT scan results. Docket No. 21, p. 13-15. Defendant notes that the Appeals Council declined to consider the evidence because it was created after the

ALJ's decision and found that it did not relate to the period at issue and thus did not affect the ALJ's decision. *Id.* at 14. Defendant argues that, in addition to the objective medical evidence, the ALJ considered a number of other factors in assessing the RFC, including Plaintiff's minimal and conservative treatment, her improvement with treatment, her daily activities, her part-time work, her own inconsistent statements, evidence that she worked with these impairments prior to the alleged onset date of disability, the ALJ's own observations of Plaintiff at the hearing, and the medical opinions. *Id.* at 14-15. Thus, Defendant maintains that Plaintiff has failed to show that a sentence six remand is required. *Id.* at 15.

The CT scan of Plaintiff's lumbar spine, dated October 19, 2018, showed the following medical findings:

> Normal alignment, no spondylolisthesis. No acute fracture or compressive deformity. Multilevel lumbar spondylosis, multilevel broad-based disc bulging most pronounced within the lower lumbar spine – severe central canal stenosis at the L4-L5 level. Moderate bilateral neural foraminal stenosis of the L5-S1 levels. Mild neural foraminal stenosis otherwise seen within the remaining lower lumbar spine. Paraspinous soft tissues per dedicated imaging.

TR 62.

The Appeals Council considered this new evidence, stating:

> You submitted 39 pages of records from Cookeville Regional Medical Center dated October 19, 2018. The Administrative Law Judge decided your case through September 19, 2018. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before September 19, 2018.

TR 2.

The Regulations provide that the Appeals Council will review a case at a party's request if "the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 CFR 404.970(a)(5). After

noting the date of the CT scan, October 19, 2018, the Appeals Council determined that there was no basis under the Regulations for granting Plaintiff's request for review. TR 2. In making this determination, the Appeals Council explicitly stated that "[t]his additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before September 19, 2018." *Id.*

Remand for consideration of new and material evidence is appropriate only when the claimant shows that: (1) new, material evidence is available; *and* (2) there is good cause for the failure to incorporate such evidence into the prior proceeding. *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984). The Court finds that Plaintiff has shown both.

"A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster v. Halter*, 279 F.3d 348 (6th Cir. 2001). Here, Plaintiff maintains that a CT scan of her lumbar spine was not submitted while her case was pending before the ALJ because she "does not have insurance or financial resources to seek updated imaging services." Docket No. 20, p. 9-10. Plaintiff argues that the record demonstrates that Plaintiff has sought very little treatment for her medical impairments due to her financial constraints and maintains that the only reason the CT scan became available was because she received emergency care following a car accident that occurred a few weeks after the hearing. *Id.* The Court finds Plaintiff has established "good cause" for failing to submit evidence of the CT scan of her lumbar spine dated October 19, 2018, to the ALJ during the hearing.

"For the purposes of a § 405(g) remand, evidence is only new if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001), *quoting Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990). The October 2018 CT scan was not in existence at the time of the

administrative proceedings, the decision of which was issued on September 19, 2018. TR 8-26. Thus, Plaintiff has established that the CT scan of the lumbar spine dated October 19, 2018, is new and was not available before the proceedings.

Further, Plaintiff has established that the October 2018 CT scan is material. "In order for the claimant to satisfy her burden of proof as to materiality, she must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988), *citing Carroll v. Califano*, 619 F. 2d 1157, 1162 (6th Cir. 1980). Plaintiff has satisfied this burden. It is true that had the CT scan had been part of the administrative record, it would have shown what the ALJ already accepted (that Plaintiff suffers from a severe impairment of degenerative disc disease). TR 14. But, the ALJ specifically stated that "[a]lthough there is no doubt that the claimant does have certain impediments, the limitations are more restrictive than those that are supported by the objective medical evidence" and noted that, "[w]hile the claimant told the consultative examiner of her scoliosis diagnoses confirmed by x-rays and MRI, no such imaging or other imaging has been included into evidence." TR 17-18. The ALJ also afforded little weight to the opinion of the only examining physician, Dr. Leveck—who found Plaintiff's condition to be more severe than the ALJ credited and noted that Plaintiff "needs her back evaluated radiographically"—because "the overall evidence does not support such significant limitations and Dr. Leveck had no objective testing to review and did not perform any in this case." TR 19.

Because of the degenerative nature of disc disease, Defendant's argument that the scan does not relate to the period at issue is unconvincing. The CT scan is objective medical evidence. Had it been available at the time of the hearing, there is a reasonable probability that the ALJ

11
Case 2:19-cv-00079   Document 22   Filed 02/04/21   Page 11 of 12 PageID #: 573

would have assessed Dr. Leveck's opinion and Plaintiff's own credibility regarding her symptoms more favorably and reached a different decision. Therefore, the Appeals Council erred when it concluded that the CT scan did not relate to the period at issue simply because the scan was taken one month after the ALJ's decision. The Appeals Council should have found that the ALJ should consider the substance of the CT scan before it denied Plaintiff's Request for Review.

## IV. RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Plaintiff's Motion for Judgment on the Pleadings be **GRANTED**, and that the decision of the Commissioner be **REMANDED** for further development of the record regarding the evidence related to Plaintiff's degenerative disc disease, including consideration of the October 2018 CT scan of Plaintiff's spine.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111 (1986); FED. R. CIV. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**